UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :        Chapter 13

MICHAEL KEVITCH                                :
STACY KEVITCH
        Debtors                :        Bankruptcy No. 04-32127F

..................................................

MEMORANDUM

..................................................

An order, dated November 4, 2005, was issued in this bankruptcy case wherein the husband/debtor, Michael Kevitch, was declared ineligible for chapter 13 relief, pursuant to 11 U.S.C. § 109(e), while the eligibility of Mrs. Kevitch could not be determined via summary judgment. The movant, Lou's of Wilmington, filed a motion for reconsideration of that ruling, which motion has now been withdrawn.

       Still pending before this court is Lou's of Wilmington's motion to dismiss this bankruptcy case as filed in bad faith, as well as its request for relief from the bankruptcy stay. Before that remaining motion is determined, and in order to aid the further administration of the case, I requested that the parties consider the effect of Mr. Kevitch's ineligibility for chapter 13 relief upon the status of this case.

       This bankruptcy case had been commenced by the filing of a joint chapter 13 petition pursuant to 11 U.S.C. § 302. If the husband is ineligible for chapter 13 relief in a jointly filed case, does that result in: the dismissal of the entire case; the dismissal of the husband's case only and the continuation of the wife's case under chapter 13; the conversion of the joint case to chapter 7; or the conversion of the husband's case to chapter 7 and the continuation of the wife's case in chapter 13?

The parties have both briefed and argued their respective positions. For the following reasons, I conclude that this joint case may be bifurcated so that Mrs. Kevitch may continue as a chapter 13 debtor and Mr. Kevitch may convert to chapter 7.

I.

Lou's of Wilmington concedes that Mrs. Kevitch met the chapter 13 debt ceiling under 11 U.S.C. § 109(e) when this bankruptcy case commenced.[1] It contends, however, that as Mr. Kevitch was not eligible, and as the spouses elected to file one joint petition, rather than two separate, individual petitions under section 301, the entire case must be dismissed, with the parties then (after dismissal) able to file separate, individual petitions.[2] Conversely, the debtors contend that as Mrs. Kevitch was eligible for chapter 13 relief, this case can continue under chapter 13 as to her. Moreover, as Mr. Kevitch was not eligible, the debtors argue that Mr. Kevitch's case can be converted to one under

---

[1] That is, Lou's of Wilmington acknowledges that the obligations owed by Mrs. Kevitch, individually and jointly, that are non-contingent and liquidated, are less than the debt ceiling established by section 109(e).

[2] Lou's perceives that it would be advantaged if the debtors had to refile separately, as the provisions of the newly enacted Bankruptcy Abuse Prevention and Consumer Protection Action of 2005 would be applicable.

chapter 7.[3]  The chapter 13 trustee stated that he was aware of circumstances wherein a joint chapter 13 petition became (due to death or divorce) an individual chapter 13 case.  Therefore, the trustee had no opposition to Mrs. Kevitch remaining in chapter 13, while Mr. Kevitch converted his case to chapter 7.

As I previously observed there are only two reported decisions that involve this precise set of facts under chapter 13 of the current Bankruptcy Code.  One decision, In re Tabor, 232 B.R. 85, 91-92 (Bankr. N.D. Ohio 1999), held that a joint petition would be dismissed only as to the ineligible spouse, but could continue as a chapter 13 case as to the eligible spouse.[4]  The second decision, In re Furey, 31 B.R. 495 (Bankr. E.D. Pa. 1983), dismissed a joint petition when only one spouse was ineligible.  The Tabor court offered a brief rationale for its approach.  The Furey court gave no explanation for its conclusion and did not consider whether the eligible spouse could continue in chapter 13.

Lou's of Wilmington now argues that the result in Furey was correct.  In support, it notes that while Fed. R. Bankr. P. 1009 grants the debtor a general right to amend all bankruptcy documents, including the bankruptcy petition itself, courts have not permitted a debtor who has filed a single petition under section 301 to amend that petition to a joint one under section 302 by adding her spouse.  See, e.g., In re Olson, 253 B.R. 73 (B.A.P. 9th Cir. 2000); In re Buerman, 295 B.R. 876 (Bankr. W.D. Ark. 2003); In re

---

[3]Indeed, on December 27, 2005, Mr. Kevitch moved to convert his case to one under chapter 7.  The court clerk treated this request as mandatory under Fed. R. Bankr. P. 1017(f)(3) ("A chapter 12 or chapter 13 case shall be converted without court order when the debtor files a notice of conversion under §§ 1208(a) or 1307(a)."), and thus created a new docket with a new case number for this chapter 7 case.  Lou's of Wilmington has filed an objection to conversion.  For the reasons that follow, that objection shall be denied.

[4]There was no consideration in Tabor about converting to chapter 7 the case of the ineligible spouse.

3

Clinton, 166 B.R. 195 (Bankr. N.D. Ga. 1994); In re Austin, 46 B.R. 358 (Bankr. E.D. Wisc. 1985). Lou's of Wilmington infers that if an individual bankruptcy petition cannot be amended to become a joint petition, then a joint petition cannot, in effect, be amended to create two individual petitions.[5]

Upon my review of those decisions just cited, I find them to be inapposite. In not permitting an individual petition to become a joint one, courts were concerned that this type of amendment would create a retroactive debtor. Allowing a spouse to be retroactively added to a bankruptcy petition could prejudice the rights of creditors and the trustee regarding the deadline for the allowance of claims and exemptions, the enforcement of the bankruptcy stay, the scope of the bankruptcy estate, and the general administration of the case. Given the legal effect of a joint bankruptcy petition, however, those particular concerns are not implicated when a joint case is later separated into two individual cases.

Some courts have implicitly recognized that a joint petition may be bifurcated into individual cases. For example, Fed. R. Bankr. P. 1016 states that a chapter 13 case will typically be dismissed upon the death of the chapter 13 debtor. Nonetheless, when there is a joint petition, the death of one spouse does not require the dismissal of the entire case. The surviving spouse may (if feasible) continue in chapter 13. See In re

---

[5]To the extent that Lou's of Wilmington also views the eligibility requirements of chapter 13, found in section 109(e), to be jurisdictional, I must disagree. See, e.g., Rudd v. Laughlin, 866 F.2d 1040 (8th Cir. 1989); Matter of Phillips, 844 F.2d 230 (5th Cir. 1988); In re Wenberg, 94 B.R. 631 (B.A.P. 9th Cir. 1988), aff'd, 902 F.2d 768 (9th Cir. 1990); 2 Collier on Bankruptcy, ¶ 109.01[2] (15th ed. rev. 2005) ("Section 109 is not characterized in terms of venue or jurisdiction by the statute itself, and it is clear that it is not jurisdictional."). Thus, if not timely raised, eligibility issues may be waived. See, e.g., In re Sullivan, 245 B.R. 416, 418 (N.D. Fla. 1999) (and cases cited). Accordingly, the ineligibility of one spouse does not, by itself, create any jurisdictional defect mandating total dismissal.

4

Ellis, 2000 WL 33673777, at *1-*2 (Bankr. M.D.N.C. 2000).  In effect, the joint petition has thus been bifurcated and the individual case of the deceased spouse only is dismissed.

Similarly, where an improper joint chapter 11 petition was filed, one court held that this "would not invalidate her individual request for relief as she would be entitled to amend her petition."  In re Hunt, 160 B.R. 131, 136 (B.A.P. 9th Cir. 1993).[6]  And in In re Alexander, 1999 WL 240336, at *1 (Bankr. D. Vt. 1999), the court permitted a creditor to amend an involuntary joint petition into two separate involuntary petitions.

The distinction between retroactively adding a debtor to a pre-existing bankruptcy petition and bifurcating an existing joint petition into two individual cases stems from the consequence of filing a joint bankruptcy petition.

The language of section 302 reflects that the filing of a joint bankruptcy petition is designed for administrative convenience for all parties.  Upon filing a joint petition, there is but one filing fee and the appointment of only one bankruptcy trustee.  See In re Estrada, 224 B.R. 132, 135 (Bankr. S.D. Cal. 1998); 2 Collier on Bankruptcy, ¶ 302.02[1] (15th ed. rev. 2005).  Nonetheless, as section 302(b) makes clear, simply filing

---

[6]A similar result occurred in Ex parte Hartz, 11 F. Cas. 722 (S.D.N.Y. 1842), where the court found a joint bankruptcy petition invalid under the Bankruptcy Act of 1841.  But the court allowed the petition to be amended to an individual one:

> The joint petition is accordingly dismissed, with costs, but if the petition can be so amended, without varying its essential structure and statements, as to be made applicable to either one of the petitioners solely, the parties may so amend it, and, at their election between themselves, leave it to stand for one only. Notice, however, of the election and of the amendments intended to be made to be given five days previously to the attorneys of the creditors who have filed objections to their proceedings in their present shape.

Id., at 724.

a joint bankruptcy petition does not create one bankruptcy estate, made up of the combined assets and liabilities of the spouses. See id. Unless the court orders otherwise under section 302(b) and Fed. R. Bankr. P. 1015(b), the filing of a joint bankruptcy petition results in two separate bankruptcy estates (one for each spouse) that are jointly administered by the same bankruptcy trustee. See id. "Until consolidated by the court, the two estates remain separate." Id. As observed by one court:

> A husband and wife remain separate debtors even if they file a joint petition. In re Estrada, 224 B.R. 132, 136 (Bankr. S.D. Cal. 1998). Even though 11 U.S.C. § 541(a) provides that the commencement of a case under § 302 "creates an estate," it is well established that despite the filing of a joint petition, separate estates continue to exist as to each debtor unless the court orders substantive consolidation. See In re Reider, 31 F.3d 1102 (11th Cir. 1994); In re Knobel, 167 B.R. 436, 440 (Bankr. W.D. Tex. 1994); In re Stuart, 31 B.R. 18, 19 (Bankr. D. Conn. 1983) ("Section 302 is designed for ease of administration and to permit the payment of only one filing fee ... [and] separate estates will exist for each debtor unless and until the court orders substantive consolidation of the estates."). Accordingly, a joint petition simply results in two different debtors' bankruptcy cases being commenced by a single petition and treated as a single case for administrative purposes.

In re Feltman, 285 B.R. 82, 86 n.9 (Bankr. D.D.C. 2002).[7]

Seen as two bankruptcy estates being jointly administered by one trustee, the court in Estrada permitted a wife/debtor to bifurcate a joint case and convert her case from chapter 7 to chapter 13 while the case of the deceased husband/debtor remained in

---

[7]Indeed, it is possible in a joint bankruptcy case to deny a bankruptcy discharge as to one debtor but not the other. For example, one spouse may fail to attend the meeting of creditors and thus not be entitled to receive a discharge. Or, the actions of one spouse may warrant an objection to discharge of that spouse alone under section 727(a). See generally Marine Midland Bank, N.A. v. Mollon, 160 B.R. 860 (M.D. Fla. 1993). If Lou's position were correct, the actions of one spouse in a joint case would result in a denial of discharge for both.

6

chapter 7. Accordingly, it follows that when a joint chapter 13 petition is filed and one spouse is ineligible for chapter 13 relief because of the debt ceiling found in section 109(e), the chapter 13 case may proceed with only the eligible spouse as the debtor. See In re Tabor. Thus, Mrs. Kevitch may continue in chapter 13.

II.

The determination that Mrs. Kevitch can remain a chapter 13 debtor, pending the resolution of Lou's of Wilmington's motion to dismiss based upon her alleged bad faith, and that Mr. Kevitch is ineligible for chapter 13 relief, does not completely resolve the status of the husband's bankruptcy case.

Again, Lou's of Wilmington argues that his case must be dismissed if ineligible, but that he is free to file a new, individual chapter 7 case. The debtor counters that he has the ability to convert his now bifurcated case to one under chapter 7.

In general, a bankruptcy court has the power to dismiss a chapter 13 case where the debtor is ineligible for relief. See, e.g., Matter of Knight, 55 F.3d 231, (7th Cir. 1995); Matter of Hammers, 988 F.2d 32 (5th Cir. 1993); Lucoski v. I.R.S., 126 B.R. 332 (S.D. Ind. 1991). However, a court is not compelled to dismiss; instead the case may be converted to chapter 7. See In re Pennypacker, 115 B.R. 504 (Bankr. E.D. Pa. 1990); Matter of Martin, 78 B.R. 928 (Bankr. S.D. Iowa 1987); In re Bobroff, 32 B.R. 933 (Bankr. E.D. Pa. 1983). Since a finding of ineligibility does not render the bankruptcy court without jurisdiction, the court has some latitude in determining the appropriate

relief. See also Rudd v. Laughlin, 866 F.2d 1040 (8th Cir. 1989) (affirming the conversion of a chapter 13 case to chapter 7 over the opposition of the debtors).

Typically, whether to dismiss the chapter 13 case or convert it to chapter 7, pursuant to 11 U.S.C. § 1307(c), is left to the discretion of the bankruptcy court, based upon the totality of the circumstances, and primarily considering the best interests of the debtor and his creditors. E.g., In re Green, 64 B.R. 530 (B.A.P. 9th Cir. 1986); see Matter of Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991) (discussing the similar provisions of section 1112(b)); In re Ravick Corp., 106 B.R. 834, 843 (Bankr. D.N.J. 1989) (same). The same considerations should apply when a debtor is determined to be ineligible for chapter 13 relief. See In re Buis, 2006 WL 223714, at *7 (Bankr. N.D. Fla. 2006).

Where a debtor has commenced a bankruptcy case in bad faith, dismissal will generally be appropriate in order to prevent the debtor from obtaining any benefit from his filing. See In re Myers, 334 B.R. 136, 145 (E.D. Pa. 2005). In this instance, however, the question of the debtor's bad faith has yet to be determined. Thus, the record reflects only that Mr. Kevitch prefers to be a chapter 7 debtor, the chapter 13 trustee had no opposition to his request and Lou's of Wilmington, who may hold a non-dischargeable claim against him, acknowledged (at oral argument) that he could file his own chapter 7 petition were his case now dismissed.[8]

Under these circumstances, I cannot conclude that it would be harmful to creditors, including Lou's of Wilmington, to permit the debtor to convert to chapter 7. Of

---

[8] In other words, Lou's position appears again to be premised upon its incorrect belief that a bankruptcy court is without jurisdiction over a chapter 13 case whenever the debtor is ineligible for chapter 13 relief.

course, his case is subject to dismissal if Lou's of Wilmington ultimately proves that Mr. Kevitch filed his petition in bad faith.

An appropriate order shall be entered. This order shall also schedule a hearing on the remaining issues to be determined in this case.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                           :     Chapter 13

MICHAEL KEVITCH                                 :
STACY KEVITCH
        Debtors                      :     Bankruptcy No. 04-32127F

..............................................

ORDER

..............................................

AND NOW, this 8th day of February 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that:

    1. This joint bankruptcy case is bifurcated into two individual cases;

    2. Mrs. Kevitch can proceed under chapter 13 individually; and

    3. Mr. Kevitch can convert his case to chapter 7 and proceed individually under that chapter.

And, it is further ordered that a hearing on the motion of Lou's of Wilmington to dismiss both cases as filed in bad faith, and for relief from the automatic stay, shall take place on March 17, 2006 at 9:30 a.m. in Bankruptcy Courtroom #2.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Michael Kevitch
Mrs. Stacy Kevitch
6 Balsam Place
Lafayette Hill, PA 19444

Eric L. Frank, Esq.
DiDonato & Winterhalter, PC
1818 Market Street
Suite 3520
Philadelphia, PA 19103

William J. Burnett, Esq.
Smith Giacometti & Chikowski, LLC
100 S. Broad Street, Suite 1200
Philadelphia, PA 19110

Derek E. Jokelson, Esq.
Neil E. Jokelson & Associates, P.C
230 South Broad Street, 18th Floor
Philadelphia, PA 19102

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

Gary Francis Seitz, Esquire
Chapter 7 Trustee
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899